UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose R. Flores, # 240563, *aka Jose Rafael Flores,* | ) C/A No. 6:11-2773-JFA-KFM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden McCabe, *Lieber C.I.*; <br> Mr. David L. Young, 3rd *Judicial District*, | ) |
| Respondents. | ) |

## *Background of this Case*

Petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He is serving a sentence of thirty (30) years for criminal sexual conduct with a minor.[1] Petitioner's conviction was entered in the Court of General Sessions for Cherokee County on March 11, 1997, pursuant to a guilty plea in Indictment No. 1996-GS-11-01219. The Public Index also indicates that, in exchange for the guilty plea, the State of South Carolina nol prossed a separate kidnapping charge (Indictment No. 1996-GS-11-01220).

---

[1]The SCDC website (https://sword.doc.state.sc.us/scdc-public/, last visited on October 31, 2011) lists Petitioner's offense as *first-degree* criminal conduct; however, the Public Index for the Cherokee County Clerk of Court (Seventh Judicial Circuit) website (http://publicindex.sccourts.org/cherokee/publicindex/PICaseDetails.aspx?County=11+&Casenum=E759286&CourtType=G&CaseType=Criminal&CourtAgency=11001&LastName=Flores&FirstName=Jose, last visited on October 31, 2011) lists the offense as *second-degree* criminal sexual conduct *with a minor*.

This case does *not* concern Petitioner's South Carolina conviction but an untried charge of murder from the State of Idaho. This Section 2241 action is brought under the Interstate Agreement on Detainers ("IAD").

## *Discussion*

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district that can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973).

In *Norris v. State of Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. State of Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973). In affirming in part but reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "Absent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Attorney General of Idaho cannot be reached by service of process issued by the United States District Court for the District of South Carolina. Moreover, the Attorney General of Idaho cannot be served by mail from the District of South Carolina. *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2.

2

The United States District Court for the District of Idaho has personal jurisdiction over the Attorney General of Idaho as well as the local district attorney there. 28 U.S.C. § 92.

### *Recommendation*

Accordingly, it is recommended that the District Court transfer the above-captioned case to the United States District Court for the District of Idaho. *See, e.g., Warren v. Drew*, Civil Action No. 3:10-2087-MBS-JRM, 2010 WL 5804746, at *2 (D.S.C. Nov. 30, 2010) (collecting cases), *adopted*, 2011 WL 573451 (D.S.C. Feb. 14, 2011). Petitioner's attention is directed to the important notice on the next page.

November 1, 2011                          s/Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).